United States District Court
District of Massachusetts

|  |  |
|---|---|
| Hernan Dario Menaca Medina, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| Antone Moniz, et al., | ) |
| | ) |
| Respondents. | ) |

Civil Action No.
26-11788-NMG

MEMORANDUM & ORDER

GORTON, J.

This case arises from the petition for writ of habeas corpus (Docket No. 1) of petitioner Hernan Dario Menaca Medina ("petitioner" or "Menaca Medina"). He contends that Antone Moniz and other named respondents ("respondents") have subjected him to mandatory detention despite his claim that he is entitled to procedures under 18. U.S.C. §1226(a). For the following reason, his petition will be denied without prejudice.[1]

I.    **Background**

Menaca Medina is a native and citizen of Colombia and was paroled into the United States in December, 2022. He has a pending asylum application and is in ongoing removal proceedings

---

[1] The factual circumstances in this case are very similar to those presented in Zambrano Urena v. Plymouth County Correctional Facility, 25-cv-13352-JEK, Docket No. 16 (D. Mass. Dec. 9, 2025), and this Order parallels the order entered in that case.

-1-

before the Executive Office of Immigration Review ("EOIR") in the immigration court located in Chelmsford, Massachusetts.

In April, 2026, petitioner was arrested in New Hampshire and charged with Theft by Deception for failing to make payments on an automobile he had purchased. He was referred to United States Immigration and Customs Enforcement ("ICE"), arrested and has been detained at the Massachusetts Plymouth County Correctional Facility since that time.

## II.  Discussion

Petitioner's habeas petition claims that his detention violates the Due Process Clause of the Fifth Amendment of the United States Constitution because, in his view, he is subject to the discretionary detention framework of 8 U.S.C. § 1226(a), rather than the mandatory detention schemes of §1225(b) or §1226(c), and is therefore entitled to a bond hearing. Respondents contend, among other things, that Menaca Medina is detained pursuant to §1226(c), as amended by the Laken Riley Act. In pertinent part, that statute provides that the Attorney General

> "*shall* take into custody any alien who . . . (i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; *and* (ii) *is charged with, is arrested for,* is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, *theft,* larceny, shoplifting, or assault of a law enforcement officer offense,

-2-

> or any crime that results in death or serious bodily injury to another person."

§1226(c)(1)(E) (emphases added). Despite the clear language of the statute, petitioner mistakenly asserts that §1226(c) is not invoked by a pending criminal charge. Because Menaca Medina does not dispute that he is inadmissible under §1182(a)(6)(A)(i) and §1182(a)(7)(A)(i)(I), or that he has been arrested and charged with a theft offense, the Court concludes that his detention is mandatory under §1226(c)(1)(E).

The Supreme Court has held that detention pursuant to Section 1226(c) is constitutionally permissible for a limited period of time. See Demore v. Kim, 538 U.S. 510, 529-31 (2003) (under Section 1226(c), "detention ha[s] a definite termination point [and] in the majority of cases it lasts for less than . . . 90 days"). Menaca Medina has been detained since April 14, 2026, a period of five plus weeks. At this point, petitioner's detention pursuant to §1226(c)(1)(E) is not of such a lengthy duration as to give rise to due process concerns. That may change if his detention is unreasonably prolonged, and for that reason, his petition is denied without prejudice to renewal. At present, however, petitioner's detention is required by §1226(c) and he has not met his burden of showing that such detention is in violation of the Constitution or laws or treaties of the United States.

-3-

**ORDER**

For the forgoing reasons, the petition for writ of habeas corpus (Docket No. 1) is **DENIED** without prejudice.

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge

Dated: May 26, 2026